**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SMP PROPERTIES, LLC,

        Plaintiff,

v.

ENCORE REALTY, LLC, *et al.*,

        Defendants.

Civil Action No. 20-6676 (MAS) (DEA)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff SMP Properties, LLC's ("Plaintiff") unopposed Motion for Default Judgment against Defendant Rahul Patel ("Defendant"). (*See generally* Pl.'s Mot. for Default J., ECF No. 38.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Plaintiff's Motion.

    Plaintiff initiated this matter against Defendant, Encore Realty, LLC ("Encore Realty") and Ankur Patel ("Patel") for failing to pay Plaintiff back according to a loan agreement. (Compl. ¶¶ 1-2, ECF No. 1.)[1] Plaintiff alleges that Patel, owner and officer of Encore Realty, induced Plaintiff to wire a $200,000 loan to Defendant's bank account in exchange for $40,000 in consideration. (*Id.* ¶¶ 8, 15-16, 22.) Plaintiff wired the $200,000 into Defendant's bank account as requested, and Patel deposited two checks for $40,000 each into Plaintiff's bank account. (*Id.*

---

[1] Plaintiff filed an Amended Complaint, but because Plaintiff requested the entry of default and the Clerk entered default prior to the Amended Complaint, the Court relies on facts from the original Complaint. (*See generally* Am. Compl., ECF No. 15.)

¶¶ 22-23.) Defendant endorsed both checks. (*Id.* ¶ 24.) Both checks were returned due to insufficient funds. (*Id.* ¶ 25.) Plaintiff reached out to Patel to resolve the issue, but despite many assurances by Patel, Patel never paid Plaintiff any of the money. (*Id.* ¶¶ 26-29, 33.) Plaintiff also demanded the money from Defendant who allegedly never responded. (*Id.* ¶ 29.) Plaintiff subsequently filed a Complaint against Defendant, Encore Realty, and Patel. (*See generally id.*)

Defendant never filed a responsive motion or answer to the Complaint. (Jacqueline Martinez, Esq. Cert. ¶ 5.) Thus, on July 29, 2020, Plaintiff filed a Request for Entry of Default and Certification with the Court. (ECF Nos. 12, 12-1.) The Clerk's Office, accordingly, entered default against Defendant for failure to plead or otherwise defend. Now, Plaintiff moves for default judgment against Defendant.[2]

Federal Rule of Civil Procedure 55[3] authorizes the Court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V. I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Because entry of default judgment does not resolve a plaintiff's claims on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

---

[2] The Court entered a Stipulation of Dismissal as to Encore Realty and Patel. (ECF No. 37.) Rahul Patel is the only remaining defendant.

[3] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Three analyses guide the Court's discretion. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). *Third*, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcaso Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

As a preliminary matter, however, the Court notes that Plaintiff has failed to follow the local rules. Local Civil Rule 7.1(d)(1) states that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with Local Civil Rule 7.2, and proof or acknowledgement of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion date." L. Civ. R 7.1(d)(1). Additionally, Local Civil Rule 7.1(d)(4) provides that "in lieu of filing any brief pursuant to Rule 7.1(d)(1) . . . , a party may file a statement that no brief is necessary and the reasons therefor." L. Civ. R. 7.1(d)(4).

"A motion that 'contains no legal argument and is [] unaccompanied by a separate brief or statement that no brief [is] necessary . . . violates [Local Civil Rule] 7.1(d) and may be denied [on] that basis alone.'" *Discover Bank v. Greenwood H. Home for the Jewish Aged*, No. 18-16020, 2020 WL 2839462, at *4 (D.N.J. May 29, 2020) (quoting *Roy v. Ramsey Moving Sys.*, No. 15-3330, 2016 WL 1163932, at *4 n.2 (D.N.J. Mar. 23, 2016); *see U.S. Small Bus. Admin. v. Klein*, No. 08-1964, 2009 WL 1457119, at *1-2 (D.N.J. May 26, 2009) (denying motion to dismiss because the defendant filed a one-page certification without an accompanying brief or statement explaining why no brief was necessary). This local rule holds true for motions for default judgment. *See, e.g, N.J. Bldg. & Labs. Statewide Pens. Fund v. Belmont Contracting*, No. 13-507 (D.N.J. Dec. 20, 2013), Op. Denying Mot. for Default J. 2, ECF No. 8 (denying plaintiff's motion for default judgment because plaintiff failed to file a brief or statement that no brief is necessary, in violation of Local Civil Rule 7.1); *Developers Sur. & Indem., Co. v. NDK Gen. Contractors, Inc.*, No. 06-0086, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007) ("Because [p]laintiff's application [for default judgment] does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear [p]laintiff's application.").

Here, Plaintiff's application fails to include a legal brief or a statement explaining why no brief is necessary. Instead, the only brief or statement the Court has received is a two-page certification by Jacqueline Martinez in support of the motion. Because Plaintiff's motion violates the local rules, the Court, accordingly, denies it.

For these reasons, and other good cause shown,

IT IS, on this 5th day of April 2023, **ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 38) is **DENIED.**

2. Plaintiff shall file a brief or statement in accordance with the local rules within <u>thirty</u> days of the date of this Memorandum Order.

 

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**