**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMP PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ENCORE REALTY, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 20-6676 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff SMP Properties, LLC's ("Plaintiff") unopposed Motion for Default Judgment against Defendant Rahul Patel ("Rahul"). (ECF Nos. 38, 41.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, Plaintiff's Motion for Default Judgment as to Rahul is **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**[1]

Plaintiff initiated this matter against Defendants Encore Realty, LLC ("Encore Realty"), Ankur Patel ("Ankur"), and Rahul (collectively, "Defendants") for failing to repay Plaintiff in accordance with a loan agreement. (Compl. ¶¶ 1-2, ECF No. 1.)[2] Specifically, Plaintiff alleges that

---

[1] The Court adopts the factual background as recited in its Memorandum Order dated April 6, 2023 (*see* Mem. Order, ECF No. 40), and only provides additional background and procedural information where relevant for the instant Motion.

[2] The Court notes that Plaintiff filed an Amended Complaint. (*See generally* Am. Compl., ECF No. 15.) Plaintiff, however, requested entry of default prior to filing the Amended Complaint (*compare* Pl.'s Req. for Entry of Default, ECF No. 12, *with* Am. Compl.), and the Clerk entered default on July 30, 2020—prior to the filing of the Amended Complaint. (*See* Am. Compl.) As such, the Court relies on the factual allegations of the original Complaint only.

Ankur, the owner and officer of Encore Realty, induced Plaintiff to wire a $200,000 loan to Rahul's bank account in exchange for $40,000 in consideration. (*Id.* ¶¶ 8, 15-16, 22.) Plaintiff contends that Ankur stated that he would repay the loan plus the consideration in six monthly payments of $40,000. (*Id.* ¶ 17.) Plaintiff alleges that it wired $200,000 to Rahul's bank account per Ankur's request. (*Id.* ¶ 22.) According to Plaintiff, Ankur subsequently deposited two checks with a value of $40,000 each into Plaintiff's bank account. (*Id.* ¶ 23; *id.* at Ex. 1.) Plaintiff further asserts that Rahul endorsed both checks and that both checks were returned due to insufficient funds. (*Id.* ¶¶ 24-25; *id.* at Ex. 1, Ex. 2.) In response, Plaintiff alleges that it contacted Ankur to resolve the issue and that Ankur initially promised to "work it out." (*Id.* ¶ 27.) Plaintiff contends that, despite this promise, Ankur did not repay the loan and instead apologized for "stealing [its] money." (*Id.* ¶¶ 28, 33.) Plaintiff alleges that it then demanded the money from Rahul but that Rahul never responded to its demands. (*Id.* ¶ 29.) As a result, Plaintiff filed the operative Complaint, asserting claims for violation of the Federal and New Jersey Racketeer Influenced and Corrupt Organization Act ("RICO"), conversion, civil conspiracy, unjust enrichment, and common law fraud and fraudulent inducement against Rahul, Encore Realty, and Ankur. (*Id.* ¶¶ 35-94.)

Rahul never filed a responsive motion or answer to the Complaint. (Mem. Order 2, ECF No. 40.) Thus, on July 29, 2020, Plaintiff filed a Request for Entry of Default and a Certification in support of its request. (Pl.'s Req. for Entry of Default, ECF No. 12; Certification, ECF No. 12-1.) On July 30, 2020, the Clerk's Office entered default against Rahul for failure to plead or otherwise defend, and on October 21, 2022, Plaintiff moved for default judgment against Rahul. (*See generally* Mot. for Default J., ECF No. 38.) The Court, however, denied Plaintiff's Motion for Default Judgment based on Plaintiff's failure to file a brief or statement explaining why no brief was necessary, in violation of the local rules. (Mem. Order 4.)

2

On May 5, 2023, Plaintiff submitted a brief in support of its Motion for Default Judgment against Rahul in accordance with the directions provided by the Court in its Memorandum Order. (*See generally* Pl.'s Moving Br., ECF No. 41.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55[3] authorizes the Court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2)); *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Because entry of default judgment does not resolve a plaintiff's claims on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Three analyses guide the Court's discretion. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). First, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). Second, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citing

---

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Third, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).

### III.  DISCUSSION

#### A.  Plaintiff's Service Was Proper

The Court first considers whether Plaintiff properly served Rahul. *See Gold*, 756 F.2d at 19. Rule 4 governs service of process and provides that service is proper when a nonparty "deliver[s] a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Service may also be made on an individual by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). To that end, Plaintiff filed an affidavit of service showing that a process server successfully delivered copies of the summons, Complaint, and associated exhibits to Krishna Patel, a relative and member of Rahul's household. (*See generally* Return of Service, ECF No. 8.) Nothing in the record suggests that service was improper. The Court therefore concludes that Plaintiff properly served Rahul per Rule 4(e)(2)(B).

#### B.  Plaintiff Has Pled a Legitimate Cause of Action Against Rahul

Having concluded that service was proper, the Court next considers "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling*, 543 F. Supp. 2d at 365. Here, Plaintiff asserts claims for violations of RICO, conversion, civil conspiracy, unjust

enrichment, and common law fraud and fraudulent inducement against Rahul. (*See generally* Compl. ¶¶ 35-94.)

        *1. RICO (Counts One, Two, and Three)*

First, to sufficiently allege a RICO claim, a plaintiff must show: (1) RICO standing; (2) that the defendants engaged in a "pattern of racketeering"; and (3) that the alleged conduct was committed by a RICO enterprise. 28 U.S.C. § 1962; N.J. Stat. 2C:41-2; *Roche Diagnostics Corp. v. Smith*, No. 19-8761, 2022 WL 4596720, at *8 (D.N.J. Sept. 30, 2022). RICO standing requires a showing that there is "'some direct relationship' between the plaintiff's injury and the defendants' racketeering acts." *Id.* at *9 (quoting *Amos v. Franklin Fin. Servs. Corp.*, No. 10-1285, 2011 WL 5903875, at *6 (M.D. Pa. Nov. 22, 2011), *aff'd*, 509 F. App'x 165 (3d Cir. 2013)). Likewise, it is a violation of both the federal and New Jersey RICO acts to conspire to engage in a pattern of racketeering through the conduct or operation of a RICO enterprise. 28 U.S.C. § 1962(d); N.J. Stat. 2C:41-2(d).

Here, Plaintiff alleges that Defendants engaged in a pattern of racketeering activity through the operation of a RICO enterprise that injured Plaintiff. (Compl. ¶¶ 2, 36-37, 39, 51-53.) With respect to Rahul, however, the Court finds that Plaintiff has failed to satisfy the requisite RICO standing requirement because all the specific factual allegations underlying those claims refer to Ankur's unlawful actions. (*Id.* ¶¶ 11-28.) Indeed, Plaintiff merely alleges that Rahul endorsed the checks that were returned due to insufficient funds and that he did not to respond to Plaintiff's demands. (*Id.* ¶¶ 24-25, 29.) Aside from this, all factual allegations point to Ankur's wrongful conduct and do not provide any concrete basis for Rahul's specific involvement in racketeering activity. (*Id.* ¶¶ 15-28.) Similarly, Plaintiff fails to show that Rahul himself conspired to engage in

racketeering through the conduct or operation of a RICO enterprise. 28 U.S.C. § 1962(d); N.J. Stat. 2C:41-2(d).

Group pleading does not comply with the requirements of RICO. *Duran v. Equifirst Corp.*, No. 09-3856, 2010 WL 936199, at *4 (D.N.J. Mar. 12, 2010) (dismissing a RICO claim when "[e]ach alleged predicate act is generally alleged to have been committed by every [d]efendant in this action, as opposed to alleging which particular [d]efendant . . . committed which particular predicate act."). To this end, Plaintiff's RICO allegations consistently refer to "Defendants" as a group rather than naming Rahul directly. (Compl. ¶¶ 35-68.) Accordingly, the Court denies Plaintiff's Motion for Default Judgment against Rahul as to Counts One, Two, and Three.

### 2. Conversion (Count Four)

Next, Plaintiff alleges that Rahul unlawfully converted Plaintiff's property. (*Id.* ¶¶ 69-75.) The required elements of common law conversion are "(1) the existence of property, (2) the right to immediate possession thereof belonging to [the] plaintiff, and (3) the wrongful interference with that right by [the] defendant." *Austar Int'l Ltd. v. AustarPharma LLC*, 425 F. Supp. 3d 336, 357 (D.N.J. 2019) (quoting *Capital Health Sys. v. Veznedaroglu*, No. 15-8288, 2017 WL 751855, at *10 (D.N.J. Feb. 27, 2017)).

Here, although Plaintiff satisfies the first element by alleging that it sent $200,000 to Rahul's bank account (*see* Compl. ¶¶ 15, 22), Plaintiff does not satisfy the second element because "there is no cause of action for conversion where a borrower merely fails to repay a loan." *Corporated Plaza Partners, Ltd. v. Am. Emps.' Ins. Co.*, No. 95-5234, 1996 WL 180696, at *1 (E.D. Pa. Apr. 3, 1996) (citing *Montgomery v. Fed. Ins. Co.*, 836 F. Supp. 292, 300 (E.D. Pa. 1993)). As such, Plaintiff did not have an immediate right of possession to the property at the time it was allegedly converted because the property—i.e., the loan—was voluntarily sent to Rahul.

(Compl. ¶¶ 15-22.) Put simply, "failure to repay a debt is not conversion." *Commc'ns Programming, Inc. v. Summit Mfg., Inc.*, No. 98-253, 1998 WL 329265, at *5 (D.N.J. June 16, 1998) (quoting *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. Ct. 1997)). Accordingly, the Court finds that Plaintiff has failed to state a legitimate cause of action for conversion and thus denies Plaintiff's Motion for Default Judgement against Rahul as to Count Four.

3. *Civil Conspiracy (Count Five)*[4]

Next, the Court turns to Plaintiff's claim for civil conspiracy against Rahul. (Compl. ¶¶ 76-79.) To assert a claim for civil conspiracy, a plaintiff must show: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or a lawful purpose to be achieved by unlawful means; and (4) special damages." *John Wiley & Sons, Inc. v. Rivadeneyra*, 179 F. Supp. 3d 407, 412 (D.N.J. 2016) (citing *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 414 (3d Cir. 2003)). Speculation is insufficient to prove the existence of a civil conspiracy, but "circumstantial evidence will suffice." *Salaam v. Small*, No. 21-12191, 2022 WL 16552788, at *3 (D.N.J. Oct. 31, 2022) (quoting *Adkins v. Sogliuzzo*, No. 09-1123, 2013 WL 5468970, at *16 (D.N.J. Sept. 30, 2013)).

Here, the Court finds that Plaintiff has not sufficiently alleged facts supporting each element. First, although the Complaint does not set forth a specific agreement made between Rahul and Ankur, the circumstantial evidence alleged throughout the Complaint suffices to form a reasonable inference of an agreement. (*See generally* Compl.) More specifically, the Complaint alleges that Ankur insisted that Plaintiff wire the money to Rahul's account and that Rahul

---

[4] The Court notes that Plaintiff mistakenly listed the civil conspiracy claim as "Count Four" despite already listing the conversion claim as the "Fourth Count." (*See* Compl. ¶¶ 69-79.) The Court, therefore, refers to the civil conspiracy claim as Count Five.

7

subsequently attempted to send two checks as "repayment." (*Id.* ¶¶ 20, 22-24; *id.* at Ex. 1.) Based on these allegations, the Court infers that Rahul and Ankur purportedly formed an agreement to obtain Plaintiff's money for an unlawful purpose. Indeed, the Court notes that Ankur and Rahul both allegedly ceased communication with Plaintiff following the transfer. (*Id.* ¶¶ 28-29.) That said, however, the Court finds that the Complaint fails to sufficiently allege the fourth element of a civil conspiracy claim—special damages. "Special, as contradistinguished from general damage, is that which is the natural, but not the necessary, consequence of the act complained of." *Delzotti v. Morris*, No. 14-7223, 2015 WL 5306215, at *8 (D.N.J. Sept. 10, 2015) (quoting *Roberts v. Graham*, 73 U.S. 578, 580 (1867)); *see Neal v. Honeywell, Inc.*, 191 F.3d 827, 832 (7th Cir. 1999) ("The usual consequences of a wrong are 'general' damages, and unusual consequences are 'special.'" (quoting *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997))). Further, "[i]f an item of special damage is claimed, it must be specifically stated." Fed. R. Civ. P. 9(g). In this case, Plaintiff's count for civil conspiracy only alleges that "[a]s a direct and proximate result of this conduct, SMP has suffered and continues to suffer significant and substantial damages." (Compl. ¶ 78.) This contention fails to allege any type of special damage and certainly does not meet the heightened standard under Rule 9(g). As such, the Court finds that Plaintiff has not pled a legitimate cause of action for civil conspiracy and therefore denies Plaintiff's Motion for Default Judgment against Rahul as to Count Five.

    4. *Unjust Enrichment (Count Six)*[5]

Plaintiff alleges that Rahul and Ankur were "unjustly enriched to the detriment of Plaintiff." (Compl. ¶ 81.) "To state a claim for unjust enrichment, a plaintiff must show that (1) at

---

[5] Because the Complaint mistakenly listed two separate counts as the Fourth Count, the Court refers to the unjust enrichment claim as Count Six despite it being listed as the "Fifth Count" in the Complaint. (*See generally* Compl. ¶¶ 69-83.)

8

plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Katz v. Ambit Ne., LLC*, No. 20-1289, 2020 WL 5542780, at *3 (D.N.J. Sept. 16, 2020) (quoting *Read v. Profeta*, 397 F. Supp. 3d 597, 643 (D.N.J. 2019)).

Here, the Court finds that Plaintiff's Complaint satisfies these elements. Plaintiff purportedly wired $200,000 to Rahul's bank account as a loan and never received repayment as promised. (Compl. ¶¶ 15, 17, 22, 27, 33.) Rather, Plaintiff alleges that it only received two checks for $40,000—both of which were returned due to insufficient funds. (*Id.* ¶¶ 23-25; *id.* at Ex. 1, Ex. 2.) Plaintiff further contends that it demanded repayment from Rahul in May 2019 but that Rahul never responded. (*Id.* ¶ 29.) The Court finds that this resulted in unjust enrichment for Rahul to the detriment of Plaintiff. Accordingly, Plaintiff has sufficiently stated a cause of action for unjust enrichment, and the Court therefore grants Plaintiff's Motion for Default Judgment against Rahul as to Count Six.

5. *Common Law Fraud and Fraudulent Inducement (Count Seven)*[6]

Finally, Plaintiff asserts claims for common law fraud and fraudulent inducement against Rahul.[7] (Compl. ¶¶ 84-94.) Under New Jersey law, the standard to state a claim for common law fraud is the same as the standard to state a claim for fraudulent inducement: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of

---

[6] The Court again notes that, because the Complaint mistakenly listed two separate counts as the Fourth Count, the Court refers to the common law fraud and fraudulent inducement claim as Count Seven despite it being listed as the "Sixth Count" in the Complaint. (*See generally* Compl. ¶¶ 69-83.)

[7] Plaintiff also alleges in Count Seven that Rahul aided and abetted the fraud that Ankur committed by collaborating with him to provide fraudulent information to Plaintiff. (Compl. ¶ 89.) Plaintiff does not allege any additional facts related to this claim, however, and therefore, the Court construes it as duplicative of the other claims in Count Seven.

its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172-73 (2005) (quoting *Gennari v. Weichert Co. Realtors*, 184 N.J. 582, 610 (1997)); *Jewish Ctr. of Sussex Cnty. v. Whale*, 86 N.J. 619, 624-25 (1981). Additionally, claims for fraud and fraudulent inducement must meet the heightened pleading requirements of Rule 9(b) with respect to allegations of fraud. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). A plaintiff "may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). A plaintiff "also must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Id.* (citations omitted).

      Here, Plaintiff fails to satisfy the basic elements for fraud and fraudulent inducement. First, the Complaint alleges that Ankur, not Rahul, made the misrepresentation to Plaintiff that the loan was needed to purchase a property. (Compl. ¶ 85.) Moreover, Plaintiff alleges that it was Ankur, not Rahul, who attempted to deposit the checks into Plaintiff's account. (*Id.* ¶ 23.) As a result, Plaintiff does not allege any specific misrepresentation made by Rahul that it relied upon. Without such fundamental allegations, Plaintiff has failed to state a claim for common law fraud and fraudulent inducement against Rahul, and thus the Court denies Plaintiff's Motion for Default Judgment against Rahul as to Claim Seven.

### C.     Entry of Default Judgment Is Appropriate

Finally, the Court considers whether entry of a default judgment is appropriate by analyzing "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund*, No. 17-2178, 2018 WL 372167, at *3 (citing *Bridges Fin. Grp., Inc. v. Beech Hill Co.*, No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011)). As to the first factor, the Court finds that it cannot ascertain whether Rahul has a meritorious defense because he failed to respond to the Complaint. *See Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."). This factor, therefore, weighs in favor of default judgment.

The second factor similarly weighs in favor of default judgment because Rahul's failure to respond prevents further prosecution and thus inhibits Plaintiff's ability to seek the proper relief. *United States v. Thompson*, No. 16-857, 2017 WL 3634096, at *2 (D.N.J. July 20, 2017) (citing *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 WL 4729023 (D.N.J. Oct. 5, 2011)). Lastly, the third factor also weighs in favor of default judgment because failure to respond creates a "presumption of culpability." *Dist. 65 Pension Plan ex rel. Ambrosini v. Control Bldg. Servs., Inc.*, No. 14-5467, 2014 WL 7332105, at *2 (D.N.J. Dec. 19, 2014) (citing *Teamsters Pension Fund*, 2011 WL 4729023, at *10); *see also Slover v. Live Universe, Inc.*, No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where [he] has failed to answer, move, or otherwise respond." (citation omitted)). Thus, the Court finds that each of the three factors weigh in favor of awarding default judgment, and therefore that an entry of default judgment is appropriate.

### D. Damages

Finding that default judgment is warranted as to Plaintiff's claim for unjust enrichment (Count Six), the Court considers Plaintiff's entitlement to damages. After finding a party is entitled to default judgment, courts may conduct a hearing to determine the proper amount of damages. Fed. R. Civ. P. 55(b)(2). "The district court has considerable latitude in determining the amount of damages. The court is not required to conduct a hearing 'as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment.'" *Cornwell Quality Tools Co. v. Blanco.*, No. 16-5086, 2018 WL 2441750, at *2 (D.N.J. May 31, 2018) (alteration in original) (quoting *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011)). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Id.* (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

Here, Plaintiff's pleading does not adequately set forth the basis of its requested $240,000 default judgment award. Specifically, Plaintiff claims that it is entitled to "principal, interest, and SMP's costs and fees authorized under the relevant statutes (including, without limitation, all of its attorneys' fees and costs incurred in connection with this matter), through and including June 1, 2020[.]" (Pl.'s Moving Br. 12.) Plaintiff, however, has only documented $200,000 in damages constituting the principal (Compl. Ex. 2) and has not provided any documentation of attorney's fees, costs incurred, or interest accrued. (*See generally* Pl.'s Moving Br.) Moreover, Plaintiff requests "continuing interest, including post-judgment interest[,]" but it does not set forth any amount or rate at which to calculate the interest owed. (*Id.* at 12.) Without this information, the Court cannot enter damages. Indeed, "[a] consequence of the entry of a default

judgment is that 'the factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true.'" *Comdyne I, Inc.*, 908 F.2d at 1149 (emphasis added) (citation omitted). The Court finds that damages must still be proven here. As such, the Court requires Plaintiff to submit proofs, including affidavits, certifications, and billing records, to determine whether damages are ascertainable without a proof hearing.[8]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment as to Rahul is **GRANTED** in part and **DENIED** in part. Specifically, Plaintiff's motion is granted as to its claim for unjust enrichment (Count Six) and denied as to its claims for RICO (Counts One, Two, and Three), conversion (Count Four), civil conspiracy (Count Five), and common law fraud and fraudulent inducement (Count Seven). In addition, the Court requests that within thirty days of entry of the accompanying Order, Plaintiff submit supplemental briefing, including but not limited to affidavits, certifications, and billing records, to determine whether damages are ascertainable without a proof hearing. An Order consistent with this Memorandum Opinion will follow.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[8] The Court notes that Plaintiff's submission should also provide a basis for its entitlement to attorney's fees and interest, as well as indicate the amount it received from Defendants Encore and Ankur as settlement for the claims asserted against those Defendants. *See Hand v. N.J. State Athletic Control Bd.*, No. 12-7363, 2016 WL 5886877, at *5 (D.N.J. Oct. 7, 2016) (noting that defendants "might be entitled to offset any damages obtained by [p]laintiffs . . . based on any settlement amounts collected"); *Township of Wayne v. Messercola*, 789 F. Supp. 1305, 1313 (D.N.J. 1992) (same).