**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMP PROPERTIES, LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>ENCORE REALTY, LLC, *et al.*,<br><br>        Defendants. | Civil Action No. 20-6676 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff SMP Properties, LLC's ("Plaintiff") supplemental memorandum in support of its application for damages against Defendant Rahul Patel ("Rahul"). (ECF No. 44.) Rahul did not oppose. For the reasons articulated below, the Court grants Plaintiff an award of $225,389.07.

**I.  BACKGROUND**

This matter's underlying facts and procedural history are well known to the parties, and therefore, the Court adopts its previous opinions (*see* Dec. 2023 Mem. Op., ECF No. 42; Apr. 2023 Mem. Op., ECF No. 40) and only recites those facts necessary to resolve the instant dispute.

Plaintiff filed this action on June 1, 2020 against Defendants Ankur Patel, Encore Realty, LLC, and Rahul. (*See* Compl., ECF No. 1.) On October 5, 2022, Defendants Encore Realty, LLC

and Ankur Patel (the "Encore Defendants") settled with Plaintiff.[1] (ECF No. 37.) On May 5, 2023, Plaintiff sought default judgment as to Rahul for failure to plead or otherwise defend the case, which the Clerk granted. (*See* Pl.'s First Mot. Default J. against Rahul, ECF No. 41.) In its December 28, 2023 Memorandum Opinion, the Court granted Plaintiff's motion for default judgment against Rahul only as to Count Six (unjust enrichment). (Dec. 2023 Mem. Op. 9.) The Court determined, however, that Plaintiff's pleading did "not adequately set forth the basis of its requested $240,000 default judgment award." (*Id.* at 12.) The Court noted that Plaintiff alleged it is entitled to "principal, interest, and . . . costs and fees authorized under the relevant statutes (including, without limitation, all of its attorneys' fees and costs incurred in connection with this matter), through and including June 1, 2020[.]" (*Id.* (citing Pl.'s First Mot. Default J. against Rahul 12).) Plaintiff, however, only documented $200,000 in damages constituting the principal, and failed to provide any documentation of attorneys' fees, costs incurred, or interest accrued. (*Id.*)

Accordingly, the Court directed Plaintiff to "submit proofs, including affidavits, certifications, and billing records, to determine whether damages are ascertainable without a proof hearing." (*Id.* at 13.) The Court also indicated that Plaintiff "should provide a basis for its entitlement to attorneys' fees and interest, as well as indicate the amount it received from Defendants Encore and Ankur as settlement for the claims asserted against those Defendants." (*Id.* at 13 n.8 (citations omitted).) In accordance with the Court's directive, Plaintiff filed a supplemental memorandum in support of its application for damages.[2] (Suppl. Mem. Damages Appl., ECF No. 44.) Rahul did not respond and has yet to appear in this action.

---

[1] Plaintiff and the Encore Defendants filed a joint stipulation, requesting dismissal of the case against the Encore Defendants. (ECF No. 36.) The case was therefore dismissed with prejudice as to the Encore Defendants. (ECF No. 37.)

[2] Plaintiff also filed a certification from Sagar Shah, a managing member of Plaintiff. (Shah Cert., ECF No. 44.)

II.  **LEGAL STANDARD**

In determining damages in the context of a default judgment, the Third Circuit has stated the following:

> A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." 10 C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE, § 2688 at 444 (2d ed. 1983) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). If the damages are not for a "sum certain or for a sum which can by computation be made certain," Fed. R. Civ. P. 55(b)(1), the "court may conduct such hearings or order such references as it deems necessary and proper." Fed. R. Civ. P. 55(b)(2).

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). "The district court has considerable latitude in determining the amount of damages" owed by a defaulting party. *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2 (D.N.J. July 18, 2011) (citations omitted). Indeed, "[it] is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Cornwell Quality Tools Co. v. Blanco*, No. 16-5086, 2018 WL 2441750, at *2 (D.N.J. May 30, 2018) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)).

III.  **DISCUSSION**

Plaintiff seeks (1) $200,000 in damages, arguing that the amount paid to the Encore Defendants in the settlement agreement does not warrant a reduction in damages; (2) $24,871 in attorneys' fees; (3) $725 in costs and fees; and (4) prejudgment interest.[3] (*See generally* Suppl. Mem. Damages Appl.) The Court considers each of these requests in turn.

---

[3] Plaintiff asserts that as of December 28, 2023, the prejudgment interest totals $32,168.11. (Suppl. Mem. Damages Appl. *4.) This is based on an annual rate of 4.25% for 1,305 days on the $200,000.00 damages amount. (*Id.*)

3

A.     **Damages for Unjust Enrichment**

Plaintiff seeks $200,000 from Rahul in damages for unjust enrichment. (*See* Suppl. Mem. Damages Appl.) To determine the amount of damages for Plaintiff, the Court directed Plaintiff to provide additional information on the voluntary settlement entered into between Plaintiff and the Encore Defendants. (Dec. 2023 Mem. Op. 13.)

Plaintiff demonstrated that on September 30, 2022, the Encore Defendants entered into a settlement agreement ("Settlement") with Plaintiff. (Suppl. Mem. Damages Appl. 2; Settlement Agreement, Ex. C, ECF No. 44.) Under the terms of the Settlement, the Encore Defendants agreed to pay Plaintiff $100,000. (Settlement Agreement 2.) The Settlement also provides that:

> In the event [Plaintiff] recovers any monies or assets from [Rahul], [Plaintiff] shall be entitled to keep . . . the first $100,000.00 of such recovery . . . . Once [Plaintiff] has recovered $200,000.00 in the aggregate, whether from the Encore Defendants, Rahul, or any other individual or entity, any further recovery in excess of $200,000.00 shall be shared equally between [Plaintiff] and the Encore Defendants until [Plaintiff] has recovered the attorney's fees and court costs it has incurred in this [a]ction. Once [Plaintiff] has recovered its attorney's fees and court costs, any further recovery shall be paid to the Encore Defendants in an amount not to exceed the Settlement Payment.

(*Id.* at 3.)

Under New Jersey law, "[w]hen one defendant settles, the remaining codefendant or codefendants are chargeable with the total verdict less that attributable to the settling defendant's percentage share." *Cartel Cap. Corp. v. Fireco of N.J.*, 410 A.2d 674, 685 (N.J. 1980); *see also Township of Wayne v. Messercola*, 789 F. Supp. 1305, 1313 (D.N.J. 1992) (stating that in an action against a non-settling defendant, "the amount of damages must be offset to the extent [the plaintiff] received partial recovery from the [settling defendants].").

4

But this reduction in damages against non-settling defendants is not automatic. Rather, to offset damages, a non-settling defendant must file either "a crossclaim for contribution [or some] other document that would provide notice to [plaintiff] that [non-settling defendant] was asserting a right to a credit based upon the settlements reached in the matter." *Newman v. Isuzu Motors Am., Inc.*, 842 A.2d 255, 262 (N.J. Super. Ct. App. Div. 2004)*; see also Young v. Latta*, 589 A.2d 1020, 1026 (N.J. 1991) (holding that a non-settling defendant may assert right to a credit as the result of a settlement, but must provide plaintiff with fair and timely notice).

Importantly, a non-settling defendant waives its right to offset damages if it fails to provide plaintiff with any notice that it is asserting its right to credit. *Newman*, 842 A.2d at 262. *See also Green v. Gen. Motors Corp.*, 709 A.2d 205, 225 (N.J. Super. Ct. App. Div. 1998) (holding that a non-settling defendant waived right to credit as a result of settlement after failing to provide any notice to the plaintiff). "[S]uch waiver [exists] even if it creates a windfall for the plaintiff." *Newman*, 842 A.2d at 262. And notably, New Jersey courts have held that such waiver exists when a non-settling defendant fails to appear, and thus fails assert their right to a credit. *Id.* ("[Non-settling defendant] did not appear in the action . . . . Thus his right to an apportionment of damages was waived.").

Rahul has not appeared in this action and therefore waived his right to a reduction in damages due to the Settlement. Accordingly, Plaintiff is entitled to seek $200,000 in damages against Rahul without a reduction from Plaintiff's Settlement with the Encore Defendants.

B.   **Attorneys' Fees**

Plaintiff seeks $24,871.00 in attorneys' fees. (Suppl. Mem. Damages Appl. *3.[4]) In New Jersey, each party must generally "bear its own attorneys' fees." *Morganroth & Morganroth v.*

---

[4] Page numbers preceded by an asterisk reflect page numbers atop the ECF header.

*Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 415 (3d Cir. 2003) (citing *Right to Choose v. Byrne*, 450 A.2d 925, 940 (N.J. 1982)). The exceptions to this rule are narrow. "[A] prevailing party can recover [attorneys'] fees if they are expressly provided for by statute, court rule, or contract." *Packard-Bamberger & Co. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001). New Jersey courts may also award attorneys' fees to a party who, "through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person." *DiMisa v. Acquaviva*, 969 A.2d 1091, 1095 (N.J. 2009) (quoting RESTATEMENT (SECOND) OF TORTS § 914(2) (1979)). Absent one of those exceptions, "[n]o matter how egregious that wrongful act, in the direct action between a plaintiff and a defendant, each party bears his or her own fees . . . ." *Id.* at 1096.

Here, Plaintiff has not pointed to any controlling statute, court rule, or contract requiring attorneys' fees to be paid. Nor has Plaintiff argued that Rahul and the Encore Defendants forced it into litigation with third parties. Rather than rely on one of these exceptions, Plaintiff instead argues that "equity interests" warrant an award of attorneys' fees. (Suppl. Mem. Damages Appl. *2.) In Plaintiff's telling, "[it] had no choice but to pursue legal action against [Rahul and the Encore Defendants] in order to secure repayment on the loan," and thus it would be equitable to award Plaintiff attorneys' fees. (*Id.*) This is not a relevant consideration. The fact that Rahul and the Encore Defendants' fraud forced Plaintiff to pursue direct litigation against them does not justify an award of attorneys' fees. *See, e.g., Jugan v. Friedman*, 646 A.2d 1112, 1120 (N.J. Super. Ct. App. Div. 1994) ("[A]lthough [plaintiff] may not recover his litigation expenses for litigating with [defendant] to establish that his transfers were fraudulent, he is entitled to reimbursement for reasonable attorneys' fees expended in litigating with third parties, including the other defendants,

to void or set aside the transfers."). (*See also* Suppl. Mem. Damages Appl.) Accordingly, the Court finds that Plaintiff is not entitled to attorneys' fees.

### C. Costs and Fees

Next, Plaintiff seeks $725 in costs and fees: (1) $400 in filing fees, (2) $275 in service of process fees, and (3) $50 in "NSF" fees. (Martinez Cert. ¶ 8, ECF No. 44.) Plaintiff does not define "NSF" in its supplemental brief,[5] but it appears this $50 charge relates to "returned check fees," which Plaintiff incurred after "[Rahul] issued two checks for the beginning of repayment of the Loan, but . . . were returned for insufficient funds." (*See* Shah. Cert. ¶ 4.)

Federal Rule of Civil Procedure 54(d)(1) "requires the clerk of the court to award certain litigation expenses to the prevailing party as a matter of course." *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1223 (3d Cir. 1995). "These routine court 'costs' are listed in 28 U.S.C. § 1920, and this assessment as a matter of course is made whether the plaintiff's underlying claim is federal or state." *Id.* Section 1920 allows a "judge or clerk of any court of the United States" to tax as costs:

> 1) Fees of the clerk and marshal;
> 2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> 3) Fees and disbursements for printing and witnesses;
> 4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> 5) Docket fees under section 1923 of this title;
> 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[5] It appears that "NSF" refers to "Non-Sufficient Funds." *See* Will Kenton, *Non-Sufficient Funds (NSF): What It Means & How to Avoid Fees*, INVESTOPEDIA (July 31, 2023), https://www.investopedia.com/terms/n/nsf.asp. Plaintiff specifically includes the expense under attorneys' fees and costs related to this matter. (Martinez Cert. ¶ 8.)

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 163 (3d Cir. 2012). The prevailing party may not seek, and the Court may not award, costs not listed in § 1920. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) ("Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920."); *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) ("A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in [§1920], absent an explicit statutory instruction to that effect." (citation omitted)).

Here, Plaintiff seeks payment of filing fees, service of process fees, and "NSF" fees. (Martinez Cert. ¶ 8.) In its supplemental memorandum, Plaintiff asserts that it paid $400 in filing fees. The $400 fee for filing a complaint in federal court "is clearly a . . . 'fee of the clerk' [under § 1920(1)] and shall be granted." *Immunex Corp. v. Sandoz, Inc.*, No. 16-1118, 2021 WL 3144846, at *4 (D.N.J. July 23, 2021). The Court therefore awards Plaintiff $400 in filing fees.[6]

The Court, however, declines to grant Plaintiff $275 "service of process" fees. In the past, the District of New Jersey awarded process server fees to prevailing parties. *See, e.g., Sergeant Hurley v. Atl. City Police Dep't*, No. 93-260, 1996 WL 549298, at *8 (D.N.J. Sept. 17, 1996) (holding that "serving of process is a taxable cost."). More recently, however, both the Supreme Court and Third Circuit have "evince[d] an intent . . . to apply § 1920 in a very restrained manner."

---

[6] Local Civil Rule 54.1 governs the process for awarding costs. "Upon failure of the prevailing party to comply with this Rule, all costs shall be waived." Loc. Civ. R. 54.1(d). The Rule requires that the party seeking costs to "append . . . copies of all invoices in support of the request for each item." Loc. Civ. R. 54.1(b). Though Plaintiff did not include any receipt for filing the Complaint, the docket indicates that Plaintiff indeed paid a $400 filing fee with receipt number ANJDC-10881456. (*See* ECF No. 1.) The Court therefore excuses this omission as a technical issue. *See AMA Realty LLC v. 9440 Fairview Ave. LLC*, No. 13-457, 2020 WL 6559204, at *7 (D.N.J. Nov. 9, 2020) (waiving technical deficiencies in Bill of Costs).

*Immunex*, 2021 WL 3144846, at *8; *see Rimini St., Inc.*, 139 S. Ct. at 878; *Race Tires*, 674 F.3d at 171 ("We are consequently limited to [awarding] only those costs explicitly enumerated in § 1920."). Since then, several courts within the Third Circuit have denied requests for the costs of process servers. *See, e.g.*, *Immunex*, 2021 WL 3144846, at *8 (opinion from the Deputy Clerk of Court denying process server costs); *U.S. Equal Emp. Opportunity Comm'n v. Coastal Drilling E., LLC*, No. 21-1220, 2023 WL 8839688, at *5 (W.D. Pa. Dec. 21, 2023) ("Because there is no ambiguity in the applicable statutory provisions, the clerk correctly declined to award the costs for the fees of private process servers . . . ."). This Court does the same.

The Court also declines to grant Plaintiff $50 "NSF" fees, which Plaintiff incurred after "[Rahul] issued two checks for the beginning of repayment of the Loan, but . . . were returned for insufficient funds." (*See* Shah. Cert. ¶ 4.) Bounced checks are not costs outlined in § 1920, and therefore are not recoverable. In sum, the Court awards Plaintiff only $400 in costs for the filing fee.

### D.   Prejudgment Interest

Finally, Plaintiff seeks to apply "an effective prejudgment interest rate of 4.25%" which accrued between June 1, 2020 and December 28, 2023. (Suppl. Mem. Damages Appl. *3-4.) Based on this calculation, Plaintiff asserts that it should be awarded $32,168.11. The Court agrees that prejudgment interest is warranted here.

In diversity cases, federal courts must apply state law to award prejudgment interest. *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982). Under New Jersey law, an award of prejudgment

9

interest is "based on equitable principles."[7] *Atl. City Assocs., LLC v. Carter & Burgess Consultants, Inc.*, No. 05-3227, 2010 WL 1371938, at *1 (D.N.J. Mar. 31, 2010) (citing *County of Essex v. First Union Nat'l Bank*, 891 A.2d 600, 608 (N.J. 2006)). Such an award "is subject to the discretion of the trial court." *Napp Techs., L.L.C. v. Kiel Lab'ys, Inc.*, No. 04-3535, 2008 WL 5233708, at *9 (D.N.J. Dec. 12, 2008) (internal citations omitted). Rahul did not appear in this action and therefore has not opposed Plaintiff's application for prejudgment interest.

This Court has previously discussed how awards of prejudgment interest are calculated, which is as follows:

> "[New Jersey Court Rule ("N.J. Ct. R.")] 4:42-11(a)(ii) sets the interest rate for judgments in tort actions, which 'absent unusual circumstances,' is also used for contract-based claims." *AMA Realty LLC*, 2020 WL 6559204, at *9 (quoting *Amba v. Rupari Food Servs., Inc.*, No. 10-4603, 2016 WL 6471019, at *4 (D.N.J. Oct. 31, 2016)). "Absent unusual circumstances . . . courts should refer to N.J. Ct. R. 4:42–11(b) when determining the rate of pre-judgment interest to be awarded." *Napp Techs., L.L.C.*, 2008 WL 5233708, at *9. . . .
>
> Pursuant to N.J. Ct. R. 4:42–11(a)(iii), "for judgments exceeding the monetary limit of the Special Civil Part, which is $15,000 . . . prejudgment interest shall be calculated at the rate provided in subparagraph (a)(ii) plus 2% per annum." *See Devine v. Advanced Comput. Concepts Inc.*, No. 08-87, 2009 WL 78158, at *3 (D.N.J. Jan. 9, 2009). The applicable interest rate is calculated by adding 2% to the Cash Management Fund Rate. *Amba*, 2016 WL 6471019, at *4.

---

[7] As the New Jersey Supreme Court has explained:

> the basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled.

*County of Essex v. First Union Nat. Bank*, 891 A.2d 600, 608 (N.J. 2006).

*USI Int'l Inc. v. Festo Didactic Inc.*, No. 15-8451, 2023 WL 3996360, at *3 (D.N.J. June 14, 2023). Here, the Court does not find any "unusual circumstances" that would justify a departure from the interest rate set forth in N.J. Ct. R. 4:42(a)(ii)-(iii), nor does Plaintiff argue that such circumstances exist. (*See* Suppl. Mem. Damages Appl. *3-4.) The applicable prejudgment interest rates for the relevant years are as follows[8]:

| Year | Cash Fund Annual Rate | Additional Adjustment | Adjusted Prejudgment Interest Rate |
|---|---|---|---|
| 2020 | 2.5% | 2% | 4.5% |
| 2021 | 1.5% | 2% | 3.5% |
| 2022 | 0.25% | 2% | 2.25% |
| 2023 | 0.25% | 2% | 2.25% |
| 2024 | 3.50% | 2% | 5.50% |

Next, the Court must determine when the date on which prejudgment interest starts to accrue. *First Union Nat'l Bank*, 891 A.2d at 608-09. Plaintiff contends that the prejudgment interest should accrue starting on the date of filing the action, June 1, 2020. (*See* Suppl. Mem. Am. Damages Appl. 11.) The Court agrees that in this case, "prejudgment interest [should] accrue from the date of the filing of the original complaint in this court." *In re Sakhe*, 656 B.R. 370, 404 (Bankr. D.N.J. 2023). Finally, "[t]he interest shall be awarded as simple interest. . . . [because a]bsent unusual circumstances, the judgment bears simple interest . . . ." *Carolee, LLC v. eFashion Sols., LLC*, No.12-2630, 2013 WL 5574594, at *5 (D.N.J. Oct. 9, 2013) (citing *Johnson v. Johnson*, 915 A.2d 85, 88 (App. Div. 2007)).

---

[8] Plaintiff provides its own prejudgment interest calculation. (See Suppl. Mem. Damages Appl. *3 ("[A]pplication of R. 4:42-11(b) to this case, yields an effective prejudgment interest rate of 4.25%.").) Plaintiff, however, does not use the correct Cash Fund Annual Rates. *See Post-Judgment and Pre-Judgment Interest Rates*, N.J. Cts. (Nov. 8, 2023), https://www.njcourts.gov/sites/default/files/courts/civil/postprejudgmentrates.pdf (providing correct Cash Fund Annual Rates through 2024). The Court thus awards prejudgment interest according to the correct rates.

11

Thus, as applied to the judgment consistent with this opinion, and displayed below, the prejudgment interest awarded to Plaintiff is $24,989.07.[9]

| Year | Interest Rate | Judgment | Per Diem | Days | Interest Owed |
|---|---|---|---|---|---|
| 2020 | 4.50% | $200,000.00 | $24.59 | 214 | $5,262.30 |
| 2021 | 3.50% | $200,000.00 | $19.18 | 365 | $7,000.00 |
| 2022 | 2.25% | $200,000.00 | $12.33 | 365 | $4,500.00 |
| 2023 | 2.25% | $200,000.00 | $12.33 | 365 | $4,500.00 |
| 2024 | 5.50% | $200,000.00 | $30.05 | 124 | $3,726.78 |
|  |  |  |  | Total | $24,989.07 |

## IV. CONCLUSION

For the foregoing reasons, Plaintiff is awarded $225,389.07. This award consists of $200,000 in damages, $24,989.07 in prejudgment interest, and $400 in costs for the filing fee. The Court will issue an Order and Judgment consistent with this Memorandum Opinion.

*[signature]*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[9] Calculation of the prejudgment interest is based on the date of this judgment, May 3, 2024.